LAW OFFICES OF KIMBERLY AYERS
KIMBERLY C. AYERS, SBN 204260
801 10th Street, 5th Floor, Suite 107
Modesto, CA 95354
ph: (209) 521-1729
fx: (209) 521-2942

In Association with:

Neal E. Costanzo   SBN 122352
Costanzo & Associates
575 E. Locust Avenue Suite 115
Fresno CA 93720
Telephone:  (559) 261-0163
Facsimile:   (559) 261-0706

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIANNA GARCIA, MARIO ARMENDARIZ, DAISY MAYORGA JESSEE ALVAREZ, MARILYN ALVAREZ,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF CERES, OFFICER MICHAEL PEREZ, OFFICER BERBER, OFFICER JULIO AMADOR, OFFICER MELTON, OFFICER VANESSA GARCIA, OFFICER BRIAN FERREIRA and DOES 1 through 10, inclusive<br><br>    Defendants, | Case No.  08-CU-01720-LJO-SMS<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CONSTITUTIONAL AND CIVIL RIGHTS [42 USC § 1983]; FALSE ARREST AND IMPRISONMENT; ASSAULT AND BATTERY; VIOLATION OF STATUTE; CONSPIRACY; AND NEGLIGENCE; DEMAND FOR JURY TRIAL** |

Plaintiffs, Brianna Garcia, Mario Armendariz, Daisy Mayorga, Jessee Alvarez, and Marilyn Alvarez, allege:

## JURISDICTION AND VENUE

1. This action arises under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States, and 42 USC § 1983, in that the action is commenced to

recover damages against defendants, and each of them, for violations of Plaintiffs, and each of their, rights to due process, equal protection, and right to be free from unnecessary or excessive force or unreasonable search or seizure under the aforementioned Amendments to the United States Constitution, all as more fully appears below.  This court has jurisdiction over Plaintiffs claims for relief for violations of the Plaintiffs Constitutional and civil rights pursuant to 28 USC § 1331 and has supplemental jurisdiction over Plaintiffs state law claims alleged below.

2. At all times mentioned in this complaint, Plaintiffs, and each of them, were citizens of the United States residing in the Eastern District of California and residents of the City of Ceres, Stanislaus County, State of California.

3. At all times mentioned in this complaint, Defendant, City of Ceres was, and is, a City and political subdivision of the State of California and a municipality organized and existing under the laws of the State of California.

4. At all times mentioned in this complaint, the Defendants Officer Michael Perez, Officer Berber, Officer Julio Amador, Officer Melton, Officer Vanessa Garcia and Officer Brian Ferreira were and are police or peace officers employed by the City of Ceres and, in doing the things herein alleged said Defendants, and each of them were acting within the course and scope of such employment.  Plaintiffs are informed and believe and thereon allege that said Defendants, and each of them, were and are, residents of the Eastern District of California and that the incident, events or occurrences referred to in this complaint occurred in the City of Ceres, Stanislaus County, in the Eastern District of California.

5. Plaintiffs are ignorant of the true names and capacities of the Defendants identified as DOES 1 through 10, inclusive, and for that reason have sued such Defendants by such fictitious names.  Plaintiff will seek leave of court to amend this complaint to reflect the true names and capacities of said Doe Defendants when the same has been ascertained.

## BACKGROUND ALLEGATIONS

6. On or about September 8, 2007, in the City of Ceres, County of Stanislaus, Officer Michael Perez, Officer Berber, Officer Julio Amador, Officer Melton, Officer Vanessa Garcia and Officer Brian Ferreira, and each of them, were dispatched by the City of Ceres to the

home of Plaintiff, Brianna Garcia, to investigate reports of a loud party or loud music at the residence. Said Defendants dispatched to the residence on that date are hereinafter referred to collectively as the Defendant-Officers. The Defendant-Officers and each of them, upon arriving at the residence unlawfully entered the residence and while inside the residence, the Defendant-Officers, and each of them, repeatedly struck, battered and assaulted each and all of the Plaintiffs and physically and forcibly removed each Plaintiff from the residence. Officer Berber deployed his taser striking Plaintiff Mario Armendariz in the abdomen. Plaintiffs, and each of them, upon being forcibly and physically removed from the residence were placed into patrol vehicles and transported to jail. While handcuffed and inside the patrol vehicle, Plaintiff Armendariz was struck with pepper spray by Officer Ferreira and, then, sprayed with a water hose. Plaintiff, Armendariz suffered severe physical injuries which subsequently required hospitalization. He requested medical aid and treatment while in the custody of the Defendant-Officers, which request was refused. In taking the foregoing actions, the Defendant-Officers, and each of them, were acting, or purporting to act, in performance of their official duties and maliciously and without warrant, probable cause, order of commitment, or any other legal authority whatsoever, intentionally and willfully exercised unreasonable force, or the express or implied threat of unreasonable force to restrain, detain and confine Plaintiffs, and each of them in connection with the aforementioned seizure and arrest of Plaintiff's, and each of them, although said Plaintiffs had not committed any crime or public offense and the Defendant-Officers knew, at all times mentioned in this Complaint, that Plaintiffs, and each of them had not committed any crime or public offense.

7.  Plaintiffs, and each of them, did not consent to the aforementioned assault, battery, seizure, arrest or detention and/or confinement or to the unlawful entry into the residence.

8.  In an attempt to justify the unreasonable use of force and the unlawful entry to the residence, the arrest, seizure, detention and confinement of Plaintiffs, and each of them, the Defendant-Officers, and each of them, falsified their police reports in a manner which misrepresents the facts and circumstances leading to the aforementioned unlawful entry, arrest,

seizure, detention and confinement and in a manner which misrepresents the facts and circumstances surrounding the arrest, seizure, detention and confinement of Plaintiffs, and each of them.

9. On or about March 7, 2008, Plaintiffs, and each of them, filed claims under the California Government Code with the City of Ceres. Said claims were denied by operation of law on or about August 1, 2008.

## FIRST CLAIM FOR RELIEF

(Depravation of Constitutional rights)

BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS

10. Plaintiffs refer to and incorporate herein by reference paragraphs 1 through 9 of this complaint as though fully set forth at this point.

11. When Defendant-Officers, and each of them, assaulted, battered, arrested, seized, detained and confined Plaintiffs, and each of them, they deprived Plaintiffs, and each of them, of their liberty in violation of their rights to due process of law under the due process clause of the Fourteenth Amendment of the United States Constitution. Said Defendant-Officers, by the aforementioned actions, further subjected Plaintiffs, and each of them, to an unreasonable search and seizure in violation of the Fourth and Fourteenth Amendments to the United States Constitution and violated the rights of Plaintiffs, and each of them, to be free from unreasonable seizure, arrest, detention and confinement in violation of the Fourth and Fourteenth Amendments to the United States Constitution and violated Plaintiffs, and each of their, rights to equal protection, and freedom from unnecessary or excessive force under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Each and all of the foregoing acts of the Defendant-Officers, and each of them, were taken under color of law and in the course and scope of said Defendants appointment and employment as police officers of Defendant, City of Ceres.

12. As a direct and proximate result of Defendants, and each of their, actions as described above, Plaintiffs, and each of them, suffered severe injuries to their body, and person, nervous system, mental suffering, distress, anguish and damages, including but not limited to

1  economic and non-economic damages, past and future medical expenses.  Plaintiffs, and each of
2  them, as a direct result of Defendant-Officers actions suffered extreme embarrassment,
3  humiliation, anxiety, ridicule, physical upset and emotional distress, all according to proof.

4      13.    Plaintiffs are informed and believe and thereon allege that they were subjected to
5  the aforementioned violations of their Constitutional rights as a result of customs, practices, and
6  policies of Defendant City of Ceres.  Said customs, policies and practices of said Defendant, City
7  of Ceres, consist of a failure to adequately train or supervise employees, including the Defendant-
8  Officers, and each of them, concerning the use of force and the legality of search and seizure
9  activities.  Further, Plaintiffs are informed and believe and thereon allege that Defendant City of
10 Ceres prior to September 7, 2007, possessed information and had received warnings of prior
11 abuses by Defendant-Officers, and each of them,  and had received information and warnings of
12 the use of excessive force by such employees and were in the possession of information
13 concerning a history and pattern of violent or excessive use of tasers or physical force upon
14 suspects by sworn peace officers employed by said Defendant.  Said Defendant, therefore,
15 expressly or impliedly authorized or ratified the aforementioned unlawful acts of the Defendant-
16 Officers, and each of them, involving the assault, battery, unlawful arrest, seizure, detention and
17 confinement of Plaintiffs, and each of them.

18     14.    Plaintiffs are informed and believe and thereon allege that the customs, practices
19 and policies of Defendant City of Ceres, as described in this complaint amounted to a deliberate
20 inference with the rights of Plaintiffs, and each of them.

21     15.    The acts and omissions of the Defendants, and each of them, as described in this
22 complaint, were done intentionally, maliciously and oppressively in willful and conscious
23 disregard for Plaintiffs rights and safety and with the intention of harming Plaintiffs, and each of
24 them.  As a result, an award of exemplary or punitive damages is warranted.

25 SECOND CLAIM FOR RELIEF
26 (False arrest and imprisonment)
27 BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS
28     16.    Plaintiffs refer to and herein incorporate by reference paragraphs 1 though 15 of

this complaint as though for set forth at this point.

17. Plaintiffs are informed and believe and thereon allege that on or about September 7, 2007, Defendant-Officers acting in the course and scope of their employment with Defendants City of Ceres, unlawfully arrested Plaintiffs, and each of them, for crimes that were never committed, without a warrant, forcibly and against the will of Plaintiffs, and each of them, and confined Plaintiffs, and each of them, in the County jail of the County of Stanislaus, State of California.

18. As a proximate result of the actions of Defendants, and each of them, Plaintiffs, and each of them., were unlawfully deprived of liberty.

19. By reason of the foregoing, Plaintiffs and each of them, sustained actual injury, damage, loss or harm and suffered humiliation, mental anguish, emotional and physical distress and have been injured in mind, body and reputation, all to the damage of Plaintiff's, and each of them, in an amount according to proof.

20. Defendants, and each of their actions, were undertaken with malice and oppression and justify an award of punitive and exemplary damages.

### THIRD CLAIM FOR RELIEF
### (Assault and Battery)
### BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS

21. Plaintiffs refer to and incorporate by reference paragraphs 1 through 20 of this complaint as though set forth fully at this point.

22. On or about September 8, 2007, in the City of Ceres, County of Stanislaus, State of California, the Defendant-Officers, and each of them, acting in the course and scope of their employment by Defendant City of Ceres, did unlawfully and intentionally assault and batter Plaintiffs, and each of them, by striking each Plaintiff, striking Armendariz with a taser, beating, striking and abusing the person of Plaintiffs, and each of the, all without the consent of Plaintiffs, or any of them.

23. As a proximate result of the forgoing, Plaintiffs, and each of them, sustained physical injury to their persons and severe emotional distress. By reason of the foregoing

1  Plaintiffs, and each of them, suffered damages in an amount according to proof at trial.

2      24.    Such acts and omissions of the Defendants, and each of them, were done intentionally, maliciously, oppressively and in willful and conscious disregard of said Plaintiff's rights and safety and with the intent to harm Plaintiffs, and each of them. As such an award of exemplary and punitive damages is warranted.

## FOURTH CLAIM FOR RELIEF

### (Violation of Statute)

### BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS

25.    Plaintiffs incorporate by reference paragraphs 1 through 24 of this complaint as though set forth at this point.

26.    Defendants, and each of them, by the use of force, violence, threats of violence, false arrest, imprisonment and battery of the Plaintiffs, and each of them and by their deprivation of Constitutional rights of Plaintiffs, and each of them, as alleged in this complaint, have violated the rights of Plaintiffs, and each of them, as guaranteed by the California Civil Code §51.7 to be free from violence or intimidation by threats of violence. Plaintiffs are informed and believe and thereon allege that said violence, and intimidation by threats of violence, were undertaken by the Defendant-Officers and each of them because of the race, color, ancestry or national origin of Plaintiffs, and each of them.

27.    As a direct and proximate result of the conduct of Defendants, and each of them, Plaintiffs, and each of them, have suffered and will continue to suffer physical injury and Plaintiffs, and each of them, have suffered and will continue to suffer humiliation, mental anguish and emotional distress.

28.    Defendants and each of their violation of Plaintiffs rights as guaranteed by Civil Code §51.70 entitles Plaintiffs, and each of them, to actual and punitive damages, a $25,000 civil penalty and attorneys fees all of which are provided for by California Civil Code §52.

29.    Further, Plaintiffs, and each of them, are citizens who's exercise and enjoyment of rights are secured by the Constitution of laws of the United States of America and the Constitution or laws of the State of California and, in doing the things alleged in this complaint,

1  Defendants, and each of them, have interfered by threats, intimidation or coercion with the
2  exercise of those rights by Plaintiffs in violation of Civil Code §52.1 and 52.3 and Plaintiffs are,
3  as a result, entitled to recover damages as provided for by said provisions according to law.

FIFTH CLAIM FOR RELIEF

(Conspiracy)

BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS

7  30.  Plaintiffs incorporate by reference each allegation in paragraphs 1 through 29 of
8  this complaint as though set forth at this point.

9  31.  Beginning on or about September 7, 2007, Defendant-Officers, and each of them,
10 knowingly and wilfully agreed and conspired among themselves to assault, batter, falsely arrest
11 and imprison Plaintiffs, and each of them.

12 32.  In furtherance of this conspiracy said Defendants did in fact falsely arrest, and
13 imprison, assault and batter, Plaintiffs, and each of them, and in doing so, lent aid and
14 encouragement to each other to permit and continue said false arrest and imprisonment, assault
15 and battery of Plaintiffs, and each of them.

16 33.  On or about September 7, 2007, Defendant-Officers, and each of them, knew, or
17 had reason to know, that Plaintiff Mario Armendariz was in need of immediate medical care and
18 failed to take reasonable action to summon such medical care for said Plaintiff and conspired
19 among themselves to deny or delay such medical attention, care and treatment for the injuries or
20 harm suffered by said Plaintiff as a result of the aforementioned false arrest, imprisonment,
21 assault and battery.  Defendant-Officers, and each of them, were deliberately indifferent to
22 Plaintiffs medical needs.  The aforementioned acts and omissions were undertaken by said
23 Defendants with actual fraud, corruption and malice and with the conscious intent to deprive,
24 deceive, vex, annoy and harm Plaintiff Armendariz and to deny him his legal and civil rights.

25 34.  Further, on and after September 7, 2007, Defendant-Officers engaged in a
26 conspiracy to cover up, conceal and misrepresent the true facts concerning the assault and battery
27 upon Plaintiffs, and each of them, the facts and circumstances leading to their false arrest and
28 imprisonment and the delay or denial of medical care, attention and treatment of Plaintiff

Armendariz.

35.     As a proximate result of the aforementioned conspiracy, Plaintiffs, and each of them, suffered actual harm, injury and damages, all according to proof.

## SIXTH CLAIM FOR RELIEF

(Negligent Hiring, Training and Retention)

BY ALL PLAINTIFFS AGAINST

DEFENDANT CITY OF CERES

36.     Plaintiffs incorporate by reference each allegation in paragraphs 1 through 35 of this complaint as though set forth at this point.

37.     Plaintiffs are informed and believe and thereon allege that on September 7, 2007, Defendant, City of Ceres, was in possession of warnings or information related to prior abuses, uses of excessive force, and histories of violent or excessive use of tasers or other physical force upon suspects by the Defendant-Officers, and each of them.  Further, Plaintiffs are informed and believe that Defendant, City of Ceres, did posses information and warnings regarding the dangerous nature and limited recommended use of tasers.  Said Defendant, City of Ceres, failed to properly train, hire, or supervise the Defendant-Officers, and each of them, and other police officers employed by them regarding the use of force against suspects.  Despite many warnings and information concerning the Defendant-Officers propriety for prior abuses, uses of excessive force and histories of violent or excessive use of tasers and other physical force upon suspects the City of Ceres, failed to exercise reasonable care or caution and allowed the Defendant-Officers to effectuate the false arrest, assault and battery of Plaintiffs, and each of them.

38.     Despite the aforementioned knowledge of prior abuses, history of violence and use of excessive force by its employees, including the Defendant-Officers, and each of them, City of Ceres knowingly, intentionally and/or negligently hired and failed to supervise, train or discipline or address and prevent such conduct by the Defendant-Officers and thereby authorized and approved the use of unreasonable and excessive force and assault and batteries upon Plaintiffs, and each of them.  Plaintiffs are informed and belief and thereon allege that Defendant, City of Ceres, negligently adopted and implemented policies and procedures which ignored and

encouraged the hiring, employment and use individuals who had engaged in prior abuses or uses of excessive force and had a history of violence and the use of excessive force. Moreover, Plaintiffs are informed and believe that Defendant, City of Ceres, was deliberately indifferent and failed to address by discipline, or otherwise, the use of excessive forces, assault and battery and related behavior that was known to it. As a result, said Defendant, City of Ceres, developed a custom and practice among its employees of engaging in acts of excessive forces, assault and battery and improper use of dangerous devices, including tasers and authorized and approved the above described acts of the Defendant-Officers.

39. As a proximate result of the intentional, knowingly negligent acts and omissions of a Defendant, City of Ceres, Plaintiffs, and each of them, suffered severe injuries, mental suffering and distress and damages including but not limited to economic and non-economic damages, past and future medical expenses.

## PRAYER

WHEREFORE, Plaintiffs, and each of them, pray for judgement against Defendants, and each of them, as follows:

1. For general damages according to proof;
2. For special damages according to proof;
3. For punitive and exemplary damages in or that according to proof;
4. For cost of suit incurred herein, including reasonable attorneys fees;
5. For such other and further relief and the court may deem just proper.

## DEMAND FOR JURY

Plaintiff requests a trial by jury on all issues that are triable by jury.

Dated: January 15, 2009                      COSTANZO & ASSOCIATES


___/s/_____

Neal E. Costanzo, Attorney for Plaintiffs

00008744.WPD;1

FIRST AMENDED COMPLAINT
10